UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CASA EXPRESS CORP, as Trustee of CASA
EXPRESS TRUST,

                              Plaintiff,

              v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

                              Defendant.

---

Case No. 18-CV-11940

**COMPLAINT**

Plaintiff, Casa Express Corp, as trustee of Casa Express Trust (the "Trust"), through its

undersigned counsel, Wallison & Wallison LLP, as and for its Complaint against Defendant

Bolivarian Republic of Venezuela ("Venezuela"), alleges as follows:

**NATURE OF THE ACTION**

1.      The Trust is the beneficial owner of interests in two dollar-denominated debt securities

issued by Venezuela (each a "Debt Security," collectively the "Debt Securities").

2.      The first Debt Security, 13.625% global bonds due 2018, ISIN No. US922646AT10,

CUSIP No. 922646AT1 (the "Global Bonds"), was issued in 1998, with a follow-on offering in

2004, pursuant to a Fiscal Agency Agreement dated as of August 6, 1998 (the "1998 FAA")

among Venezuela, Banco Central de Venezuela and The Chase Manhattan Bank.

3.      The second Debt Security, a 13.625% global note due 2018, ISIN No. USP9395PAA95,

CUSIP No. P9395PAA9 (the "Global Note"), was issued in 2002 pursuant to a Fiscal Agency

Agreement dated as of July 25, 2001 (the "2001 FAA") among Venezuela, Banco Central de

Venezuela, Deutsche Bank AG and Bankers Trust Company.

4.      Both Debt Securities obligated Venezuela to repay principal in full on August 15, 2018

(the "Maturity Date") – an amount, in the aggregate, totaling approximately a billion dollars.

5.      Moreover, until full repayment of that principal, whether on the Maturity Date, as required, or later, the Debt Securities obligated Venezuela to pay interest on principal semi-annually in arrears, on February 15 and August 15 of each year, at a rate of 13.625% *per annum*.

6.      Beginning with the interest payments due on February 15, 2018, however, Venezuela has failed to make any of the required interest and principal payments on the Debt Securities, and thus is in breach of its obligations under both Debt Securities.

7.      In this action, the Trust seeks to recover from Venezuela its damages, as a beneficial owner of interests in the two Debt Securities, resulting from Venezuela's breaches.

## THE PARTIES

8.      Casa Express Corp is a company organized and existing under the laws of the State of Florida, with its principal place of business at 60 Edgewater Drive, Coral Gables, Florida, 33133.

9.      Casa Express Corp is the sole trustee of the Trust, which is an express trust established under the laws of the State of Florida, and brings this action solely as trustee of the Trust.

10.     Venezuela is a foreign state as defined in 28 U.S.C. § 1603.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1330 because Venezuela is a foreign state that, in both the 1998 FAA and the 2001 FAA, among other places, explicitly and unconditionally waived sovereign immunity with respect to actions such as the instant action (referred to in each FAA as a "Related Proceeding") arising out of the respective FAAs and any debt securities or interest payments appertaining thereto, and is, therefore, not entitled to immunity under 28 U.S.C. §§ 1605-07 or under any applicable international agreement.

2

12.     In addition, Venezuela consented in the 1998 FAA and the 2001 FAA, among other places, to submit to the jurisdiction of this Court in any Related Proceeding.

13.     Pursuant to the 1998 FAA and 2001 FAA, Venezuela appointed the Consul General of Venezuela, or, in the Consul's absence or incapacity, any official of the Consulate of Venezuela, which currently maintains offices at 7 East 51st Street, New York, New York 10022, as its authorized agent for service of process.

14.     By their terms, both the 1998 FAA and 2001 FAA are to be governed by, and interpreted in accordance with, the laws of the State of New York without regard to principles of conflicts of law.

15.     Venue is proper in this district by agreement of the parties.

## FACTUAL ALLEGATIONS

### The Trust's Beneficial Interests in The Debt Securities

16.     The Debt Securities are "book-entry securities" registered in the name of Cede & Co. ("Cede"), as the nominee of the Depository Trust Company (the "DTC").

17.     Financial institutions, called "participants," maintain accounts with the DTC through which they hold interests in such book-entry securities.

18.     Investors, such as the Trust, in turn own beneficial interests in such book-entry securities through the participant financial institutions.

19.     Through that ownership structure, the Trust owns a beneficial interest in the Global Bonds in the principal amount of $1,845,000, and a beneficial interest in the Global Note in the principal amount of $27,170,000.

20.     Those beneficial interests entitle the Trust to $1,850,956.25 as its proportionate share of each semi-annual interest payment Venezuela is required to make on the Global Note,

$27,170,000 as its proportionate share of the principal Venezuela is required to repay on the Global Note, $125,690.63 as its proportionate share of each semi-annual interest payment Venezuela is required to make on the Global Bonds, and $1,845,000 as its proportionate share of the principal Venezuela is required to repay on the Global Bonds.

21.     Although the Trust, like every other investor in the Debt Securities, is not a direct holder of the Debt Securities, the relevant FAAs contemplate that beneficial owners such as the Trust will, upon Cede's authorization, be entitled to take any action that Cede would be entitled to take as holder of the relevant Debt Security, including, as here, suits for non-payment of money owed.

22.     The Trust has received the appropriate authorizations.

<u>Venezuela's Defaults on The Global Bonds</u>

23.     The applicable terms and conditions of the Global Bonds required Venezuela to pay interest on principal, semi-annually, on February 15 and August 15 of each year, at a rate of 13.625% *per annum*.

24.     One such semi-annual interest payment was due on February 15, 2018.

25.     Venezuela failed to make that interest payment, both on its due date and at any time thereafter.

26.     Venezuela was required to make another semi-annual interest payment on the Global Bonds on August 15, 2018.

27.     Venezuela failed to make that interest payment as well, both on its due date and at any time thereafter.

28.     Further, the applicable terms and conditions of the Global Bonds required Venezuela to repay all outstanding principal on the Global Bonds on the Maturity Date (August 15, 2018).

29.     Venezuela failed to make any repayment of principal, both on the Maturity Date and at any time thereafter.

30.     The Trust, as the beneficial owner of an interest in $1,845,000 in principal of the Global Bonds, has a claim for damages of at least $2,096,381.25 as a result of Venezuela's failure to make these required interest and principal payments, representing its proportionate share of the interest and principal Venezuela, in breach of its obligations, has failed to pay on the Global Bonds.

31.     In addition, more than 30 days having elapsed since the above-detailed payment failures, each has ripened into an "Event of Default" under the applicable terms and conditions governing the Global Bonds.

32.     As such, the applicable terms and conditions governing the Global Bonds require Venezuela to pay all of the Trust's reasonable and documented out-of-pocket expenses, including reasonable counsel fees and court costs, incurred in connection with any "reasonable investigation of any such Event of Default or the enforcement of the Securities."

33.     Accordingly, in addition to the damages alleged above, Venezuela owes the Trust the Trust's costs and attorneys fees for preparing and bringing this action.

<u>Venezuela's Defaults on The Global Note</u>

34.     The terms and conditions of the Global Note required Venezuela to pay interest, semi-annually, on February 15 and August 15 of each year, at a rate equal to 13.625% *per annum*.

35.     One such interest payment was due on February 15, 2018.

36.     Venezuela failed to make that interest payment, both on its due date and at any time thereafter.

37.     Venezuela was required to make another interest payment on the Global Note on August 15, 2018.

38.     Venezuela failed to make that interest payment as well, both on its due date and at any time thereafter.

39.     Further, the terms and conditions of the Global Note required Venezuela to repay all outstanding principal on the Global Note on the Maturity Date (August 15, 2018).

40.     Venezuela failed to make any repayment of principal, both on the Maturity Date and at any time thereafter.

41.     The Trust, as the beneficial owner of an interest in $27,170,000 in principal of the Global Note, has a claim for damages of at least $30,871,912.50 as a result of Venezuela's failure to make these required interest and principal payments, representing its proportionate share of the interest and principal Venezuela, in breach of its obligations, has failed to pay on the Global Note.

42.     In addition, more than 30 days having elapsed since the above-detailed payment failures, each has ripened into an "Event of Default" under the applicable terms and conditions governing the Global Note.

43.     As such, the applicable terms and conditions governing the Global Note require Venezuela to pay all of the Trust's reasonable and documented out-of-pocket expenses, including reasonable counsel fees and court costs, incurred in connection with any "reasonable investigation of any such Event of Default or the enforcement of the Securities."

44.     Accordingly, in addition to the damages alleged above, Venezuela owes the Trust the Trust's costs and attorneys fees for preparing and bringing this action.

### Interest at 13.625% *Per Annum* Continues to Accrue on The Debt Securities

45.     The applicable terms and conditions of the Debt Securities provide, in sum and substance, that interest on principal will continue to accrue at 13.625% *per annum* until the principal is repaid in full, whether on the Maturity Date or thereafter.

46.     For the Global Bonds, that obligation is set forth in the form registered security attached as an exhibit to the 1998 FAA, which form governs, under Section 1(c) of the 1998 FAA, unless otherwise provided in an "Authorization" delivered by the Minister of Finance of Venezuela.

47.     Upon information and belief, the Minister of Finance of Venezuela has not delivered an "Authorization" with respect to the Global Bonds that alters the relevant language of the form registered security.

48.     In the Global Note, provision for the continuing accrual of interest after the Maturity Date until full repayment of principal is set forth in the applicable terms and conditions of the Global Note, which provide in pertinent part that Venezuela will redeem the Global Note at par on August 15, 2018, and that if, "upon due presentation," "the Issuer shall fail to redeem the [Global Note] when due, interest shall continue beyond the due date until actual redemption of the [Global Note]..."

49.     Upon information and belief, "due presentation" of the Global Note for redemption has been made and refused.

50.     Alternatively, if "due presentation" has not been made, it is excused on the ground of futility.

51.     By virtue of these provisions of the Debt Securities, the Trust is entitled to recover additional damages through the date of this pleading in the amount of at least $1,317,764.58, representing accrued interest at 13.625% *per annum* on the $1,845,000 in unpaid principal of the

Global Bonds beneficially owned by the Trust and the $27,170,000 in unpaid principal of the Global Note beneficially owned by the Trust.

### FIRST CLAIM FOR RELIEF
### (For Breach of Contract on the Global Bonds)

52.     The Trust repeats and re-alleges the allegations set forth in paragraphs 1 through 51 above.

53.     The Global Bonds matured on August 15, 2018, at which time the entire principal amount of the Global Bonds became due and payable.

54.     Upon maturity, Venezuela failed to pay the principal amount of the Global Bonds.

55.     Further, as detailed above, Venezuela also has failed to pay interest due on the Global Bonds.

56.     By reason of the foregoing Venezuela has breached its contractual obligations under the Global Bonds and is liable to the Trust, as the owner of a beneficial interest in the Global Bonds in the principal amount of $1,845,000, for damages in an amount to be determined at trial, but not less than $2,180,175, representing the Trust's proportionate share of unpaid principal and interest on the Global Bonds through the date of this pleading, together with pre-judgment interest, and the Trust's costs and attorneys fees incurred in this action.

### SECOND CLAIM FOR RELIEF
### (For Breach of Contract on the Global Note)

57.     The Trust repeats and re-alleges the allegations set forth in paragraphs 1 through 51 above.

58.     The Global Note matured on August 15, 2018, at which time Venezuela was required to redeem the Global Note at par.

59.     Upon maturity, however, Venezuela failed to redeem the Global Note at par.

60.     Further, as detailed above, Venezuela also has failed to pay interest due on the Global Note.

61.     By reason of the foregoing Venezuela has breached its contractual obligations under the Global Note and is liable to the Trust, as the owner of a beneficial interest in the Global Note in the principal amount of $27,170,000, for damages in an amount to be determined at trial, but not less than $32,105,883.30, representing the Trust's proportionate share of unpaid principal and interest on the Global Note through the date of this pleading, together with pre-judgment interest, and the Trust's costs and attorneys fees incurred in this action.

WHEREFORE, the Trust demands judgment against Venezuela as follows:

1. On the First Claim for Relief, awarding the Trust a money judgment in an amount to be determined at trial, but not less than $2,180,175, together with pre-judgment interest, and the Trust's costs and attorneys fees incurred in this action;

2. On the Second Claim for Relief, awarding the Trust a money judgment in an amount to be determined at trial, but not less than $32,105,883.30, together with pre-judgment interest, and the Trust's costs and attorneys fees incurred in this action; and

3. Such other and further relief as the Court shall deem just and proper.

Dated: New York, New York
       December 18, 2018

                                        WALLISON & WALLISON LLP

                                        /s/ Jeremy Wallison
                                        _____
                                        Jeremy Wallison, Esq.
                                        20 East 69th Street, Suite 5A
                                        New York, New York 10021
                                        212.292.1011
                                        jw@wallisonllp.com

                                        *Attorneys for Plaintiff*