USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/20/2018__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASA EXPRESS CORP, as Trustee of
CASA EXPRESS TRUST,

                Plaintiff,

-against-

BOLIVARIAN REPUBLIC OF
VENEZUELA,

                Defendant.

18 Civ. 11940 (AT)

**ORDER TO SHOW CAUSE**

ANALISA TORRES, District Judge:

      Plaintiff, Casa Express Corp., as Trustee of Casa Express Trust, bring this action against Defendant, the Bolivarian Republic of Venezuela ("Venezuela"), for breach of contract of two debt securities. Compl., ECF No. 1. Plaintiff invokes the Court's original jurisdiction pursuant to 28 U.S.C. § 1330, *id.* ¶ 11, and alleges that "[v]enue is proper in this district by agreement of the parties," *id.* ¶ 15. This allegation, however, does not satisfy the venue requirements set forth in 28 U.S.C. § 1391(f).

      Pursuant to 28 U.S.C. § 1391(f), civil actions against foreign sovereigns may be brought:

> (1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; (2) in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this title; (3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action if brought against an agency or instrumentality of a foreign state as defined in section 1603(b) of this title; or (4) in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

As the Second Circuit has noted, in considering whether venue is proper, a district court must "take seriously the adjective 'substantial.'" *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (interpreting § 1391(b)(2)); *see also Comm'ns Import Export S.A. v. Republic of the Congo*, No. 11 Civ. 6176, 2012 WL 1468486, at *2 (S.D.N.Y. Apr. 27, 2012) (applying

*Glasbrenner* in the context of § 1391(f)). "That means for venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Glasbrenner*, 417 F.3d at 357 (emphasis in original).

Plaintiff alleges only that Venezuela is a foreign state that (1) waived sovereign immunity, (2) entered into two debt securities pursuant to Fiscal Agency Agreements ("FAA") with Plaintiff, and (3) consented in the FAAs to "submit to the jurisdiction of this Court in any Related Proceeding." Compl. ¶¶ 11–12. Plaintiff also alleges that the FAAs "are to be governed by, and interpreted in accordance with, the laws of the State of New York without regard to principles of conflicts of law." *Id.* ¶ 14. These allegations, however, do not satisfy the requirements of § 1391(f)(1), because Plaintiff has not alleged that "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in New York. Nor is venue proper under §§ 1391(f)(2) and (3), because this case does not involve a vessel or cargo of a foreign state, nor is this an action brought by an agency or instrumentality licensed to do business in the Southern District of New York against an agency or instrumentality of a foreign state. Therefore, venue as to Venezuela appears to lie only in the United States District Court for the District of Columbia. *Id.* § 1391(f)(4). For these reasons, the Court is inclined to transfer this case under 28 U.S.C. § 1406 to the United States District Court for the District of Columbia.

The Court hereby ORDERS Plaintiff to show cause in writing, by **December 28, 2018**, why this action should not be transferred. If Plaintiff fails to respond within the time allowed, or fails to show that venue is proper in the Southern District of New York and that the action should

not be transferred in the interest of justice, the Court shall transfer this case to the United States District Court for the District of Columbia.

 SO ORDERED.

Dated: December 20, 2018
   New York, New York

_____
ANALISA TORRES
United States District Judge