UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASA EXPRESS CORP, as Trustee of
CASA EXPRESS TRUST,

                      Plaintiff,

v.

BOLIVARIAN REPUBLIC OF
VENEZUELA,

                      Defendant.

Case No. 18-CV-11940 (AT)

**AFFIRMATION OF SERVICE**

      JEREMY WALLISON, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

      1.      I am an attorney admitted to practice before this Court and a member of Wallison & Wallison LLP, attorneys for Plaintiff Casa Express Corp, as Trustee of Casa Express Trust ("Plaintiff"). I am over the age of 18 and not a party to the above-captioned action.

      2.      On December 20, 2018, then again on December 26, 2018, then again on December 27, 2018, then again on January 2, 2019, then again on January 3, 2019, then again on January 7, 2019, and then again on January 9, 2019, a process server under my direction unsuccessfully attempted to serve copies of (a) Plaintiff's Summons, (b) Plaintiff's Complaint, (c) Judge Analisa Torres Rules, and (d) the ECF Rules and Instructions (collectively, the "Initial Service Papers"), via personal service upon the Consul General of Venezuela, or in her absence or incapacity, any consular official, each an agent for service of process contractually designated by

1

Venezuela in the debt securities sued upon in this case, at Venezuela's New York consulate located at 7 East 51st Street, New York, NY, 10022.

3. The efforts made on each of those attempts, and the reasons they were unsuccessful, are set forth in the affidavit of Reginald Hunter, process server, dated January 10, 2019, a true and accurate copy of which is attached hereto as Exhibit A.

4. Attached hereto as Exhibit B is a true and accurate copy of the affidavit of Bruce Lazarus, an additional process server, dated January 10, 2019, who joined in Mr. Hunter's January 9, 2019, service attempt.

5. As Mr. Lazarus details, he accompanied Mr. Hunter to the consulate on January 9, 2019, and, once there, spoke with two employees, explained the nature of his visit, received no reply, and then asked to speak with someone in authority, shortly after which he was met by an individual named "Victor," who refused to give his last name and title, but who explicitly claimed authority to speak on behalf of the Consul General. Ibid.

6. Mr. Lazarus again explained the nature of his visit and showed Victor the provision in the debt securities sued upon in which Venezuela designates the Consul General or other consular officials its agents for service of process. Ibid.

7. Victor then read the contractual provision and stated it was "false and not true." Ibid.

8. Mr. Lazarus then asked Victor to accept service of process, which Victor refused, stating further that no one – now or later – would be able to accept service of process at the Venezuelan consulate in New York. Ibid.

9. On January 23, 2019, a process server under my direction personally served copies of the Initial Service Papers plus (a) Plaintiff's Rule 7.1 Statement, (b) the Civil Cover Sheet, (c) the January 10, 2019 Initial Pretrial Conference Order, and (d) the January 10, 2019 Order Regarding Magistrate Judge (collectively, with the Initial Service Papers, the "Service Papers"), upon Ayerim Flores Rivas, Venezuela's Consul General in New York, in front of 2810 36th Street, Astoria, New York, 11103. A true and accurate copy of an affidavit of service from Di Cong Jiang, process server, dated January 31, 2019, detailing the service of Ms. Rivas, is attached hereto as Exhibit C.

10. Attached as Exhibit D is a true and accurate copy of selected pages of the *Gaceta Oficial de la República Bolivariana de Venezuela*, an official government publication, dated October 26, 2018, which reflects an October 22, 2018, resolution appointing Ayerim Flores Rivas Venezuela's Consul General in New York. Exhibit D has been redacted to conceal the National Identification Card (*Cédula*) numbers of Ms. Rivas and others. Exhibit D also contains a certified translation of the resolution.

11. Attached as Exhibit E is a true and accurate copy of an article published on a website, http://mppre.gob.ve/2018/04/19/en-nueva-york-celebraron-los-208-anos-de-la-proclamacion-de-la-independencia-de-venezuela/, last visited on January 22, 2019, believed by declarant to be an official website of the Venezuelan Foreign Ministry, which includes a picture of an individual identified in that article

as "Ayerim Flores, Venezuelan Consul in New York." Exhibit E also contains a certified translation of the article.

13. On January 24, 2019, a process server under my direction served an additional copy of the Service Papers via personal service upon a security officer stationed at Venezuela's New York consulate, located at 7 East 51st Street, New York, NY, 20022. Venezuela's New York consulate is the actual place of business of the authorized agents for service of process, such as Ms. Rivas, designated by Venezuela in the debt securities sued upon. A true and accurate copy of an affidavit of service from the process server regarding service on the security officer, dated February 5, 2019, is attached hereto as Exhibit F.

14. As attested in Exhibit F, the process server, on February 1, 2019, further sent copies of the Service Papers via first-class mail to Venezuela's New York consulate addressed to the attention of the Consul General. A true and accurate copy of a U.S. Postal Service certified mail receipt, dated February 1, 2019, is attached as Exhibit G.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York on February 5, 2019.

/s/ Jeremy Wallison
_____
Jeremy Wallison, Esq.

4