# WALLISON & WALLISON LLP

20 East 69th Street
Suite 5A
New York, New York 10021

Jeremy L. Wallison, Esq.
Tel (Main): 212.292.1010
Tel (Direct): 212.292.1011
Fax: 212.671.1561
Email: jw@wallisonllp.com

March 21, 2019

VIA ECF (with courtesy copy to: Torres_NYSDChambers@nysd.uscourts.gov)

Hon. Analisa Torres
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Courtroom 15D
New York, NY 10007-1312

> Re:   Casa Express Corp, as Trustee of Casa Express Trust v. Bolivarian Republic
> of Venezuela; 18-CV-11940 (AT) (KNF)

Dear Judge Torres:

This firm represents Casa Express Corp, as trustee of Casa Express Trust ("Casa Express"), the plaintiff in the above-referenced action. This past Friday, March 15, 2019, an individual named Reinaldo Muñoz Pedroza, purporting to be the "Acting Attorney General" of the defendant in this case, the Bolivarian Republic of Venezuela ("Venezuela"), caused to be filed on ECF a purported "*pro se* application on behalf of" Venezuela requesting that this case be stayed. For the reasons that follow, Casa Express respectfully urges the Court to disregard Mr. Muñoz Pedroza's letter, and further requests, under Section III(A) of the Court's Individual Practices in Civil Cases, leave to file a motion to strike Mr. Muñoz Pedroza's letter from the docket.

To begin, Mr. Muñoz Pedroza, contrary to his representation to this Court, is not in fact the Attorney General of Venezuela, "acting" or otherwise, and has no authority to represent Venezuela in litigation, let alone *pro se*. Attached hereto is Exhibit A is a true and correct copy of a document posted on the official website of Venezuela's National Assembly[1], along with a certified translation of the same, announcing the ratification of the appointment of Jose Ignacio Hernandez as "Special Prosecutor" with exclusive authority to represent Venezuela in foreign litigations, denouncing Mr. Muñoz Pedroza for "usurping the position of Attorney General of the Republic," and urging "foreign courts, international arbitration courts and any other foreign authority to not accept representation of the Venezuelan State from citizen Reinaldo Muñoz Pedroza or any attorney designated by him." Attached as Exhibit B is a true and correct copy of the official ratification instrument, along with a certified translation of the

---

[1] http://www.asambleanacional.gob.ve/noticias/_asamblea-nacional-ratifica, last visited March 21, 2019.

same, which states, *inter alia*, that Mr. Muñoz Pedroza "may not be deemed the legitimate Attorney General of Republic," that "all acts and contracts executed by him, invoking his status as Attorney General of the Republic, are to be deemed non-existent," and again "exhort[s] foreign courts, international arbitration tribunals, and all other authorities of foreign states not to accept the representation of the Venezuelan State exercised by citizen Reinaldo Muñoz Pedroza or any attorney designated by him."

Nor would it be appropriate to allow Mr. Muñoz Pedroza to relitigate here this definitive denial of his authority. On January 23, 2019, President Trump issued a statement officially recognizing the National Assembly as the "only legitimate branch of government duly elected by the Venezuelan people" and National Assembly President, Juan Guaidó, as the Interim President of Venezuela.[2] Accordingly, to the extent Mr. Muñoz Pedroza urges a different view of his authority from the view now so unequivocally expressed by the National Assembly, our government has taken the side of the National Assembly – and, under settled precedents, its decision is conclusive and binding on all courts in the United States. See, e.g., Zivotofsky ex rel. Zivotofsky v. Kerry, 135 S. Ct. 2076, 2090, 192 L. Ed. 2d 83 (2015) ("…judicial precedent and historical practice teach that it is for the President alone to make the specific decision of what foreign power he will recognize as legitimate, both for the Nation as a whole and for the purpose of making his own position clear within the context of recognition in discussions and negotiations with foreign nations"); Guar. Tr. Co. of New York v. United States, 304 U.S. 126, 137–38, 58 S. Ct. 785, 791, 82 L. Ed. 1224 (1938) ("What government is to be regarded here as representative of a foreign sovereign state is a political rather than a judicial question, and is to be determined by the political department of the government. Objections to its determination as well as to the underlying policy are to be addressed to it and not to the courts. Its action in recognizing a foreign government and in receiving its diplomatic representatives is conclusive on all domestic courts, which are bound to accept that determination, although they are free to draw for themselves its legal consequences in litigations pending before them"); Republic of Panama v. Republic Nat. Bank of New York, 681 F. Supp. 1066, 1073 (S.D.N.Y. 1988) ("Intervenors, purporting to represent the Republic of Panama in the name of Minister Palma, cannot be heard. The executive's refusal to recognize the Palma government deprives it of standing"); Republic of Panama v. Air Panama Internacional, S.A., 745 F. Supp. 669, 675 (S.D. Fla. 1988) ("Inasmuch as Messrs. Kurzban and Gross were not retained by the Delvalle government, a question arises as to whose interests these attorneys in fact seek to represent. The Court finds that the attorneys in fact represent the interests of the Noriega/Palma regime. Thus, the Court will treat the matter of their appearance as an effort to intervene by the Noriega/Palma regime. Because the Noriega/Palma regime has not been recognized by the United States government, it has no right to appear in this Court").

Indeed, to indulge at all Mr. Muñoz Pedroza's claim to speak for Venezuela – by, for example, treating his purported "*pro se* application" with any more legitimacy than a letter

---

[2] The White House, Statement from President Donald J. Trump Recognizing Venezuelan National Assembly President Juan Guaidó as the Interim President of Venezuela (Jan. 23, 2019), available at https://www.whitehouse.gov/briefings-statements/statement-president-donald-j-trump-recognizing-venezuelan-national-assembly-president-juan-guaido-interim-president-venezuela/, last visited March 20, 2019.

submitted in this case by a random stranger off the street – would create a danger of inappropriate judicial encroachment on the President's exclusive power to recognize the National Assembly and President Guaidó as Venezuela's only legitimate government actors. As one of the foundational decisions in the area put it nearly 100 years ago in rejecting a similar attempt by a "Mr. Martens" to sue as an agent and representative of the Soviet Republic at a time when the United States recognized the provisional government of Russia and its representative, Boris Bakhmetieff, as the only legitimate state actors:

> The court may not, as counsel for the libelants suggests, make an independent inquiry, for to do so, if counsel's hope prevailed, would be to recognize Martens while the State Department recognizes Mr. Bakhmetieff.

The Penza, 277 F. 91, 93 (E.D.N.Y. 1921).  Under our Constitutional system, in which the President holds exclusive recognition power, such inconsistencies are impermissible.

As for the bases of Casa Express' anticipated motion to strike Mr. Muñoz Pedroza's letter from the docket, it is well-established that District Courts have the inherent power to control their dockets, including by striking items inappropriately filed therein. See, e.g., Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404–05 (9th Cir. 2010) (reversing District Court order denying motion to strike confidential settlement agreement from docket and remanding with instructions that District Court exercise its sound discretion in deciding whether to strike the document).  That power is appropriately exercised here.  Beyond the fact that Mr. Muñoz Pedroza is not the "Acting Attorney General" of Venezuela, as he claims, and has exactly zero authority to appear for Venezuela in this case, both of which are reasons enough to strike his letter, it is notable that most of Mr. Muñoz Pedroza's letter is devoted to an attack on our government's decision to recognize President Guaidó as the legitimate leader of Venezuela, rather than Mr. Muñoz Pedroza's patron, Mr. Maduro, as though Mr. Muñoz Pedroza's true purpose was not so much to protect Venezuela's interests in this litigation as to record in a public filing – and therefore give it a veneer of legitimacy – his and Mr. Maduro's objections to United States foreign policy.  Respectfully, the Court should not allow its docket to be misused in that way.

Finally, because Mr. Muñoz Pedroza is not and cannot properly be considered a legitimate participant in this case, let alone a legitimate *pro se* defendant, Casa Express respectfully submits he is not entitled to the accommodations for *pro se* litigants set forth in this Court's Individual Practices in *Pro Se* Cases, including service of a paper copy of this letter.  Indeed, particularly when Mr. Muñoz Pedroza now is no more than a private citizen residing at an unknown address somewhere in Venezuela, it is not even clear how and where one could serve him a copy of this letter.  Accordingly, unless the Court instructs otherwise, Casa Express will assume that filing this letter on ECF provides all the notice Mr. Muñoz Pedroza is due.

Respectfully submitted,

/s/ Jeremy Wallison