UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASA EXPRESS CORP,<br><br>*Plaintiff*,<br><br>v.<br><br>THE BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>*Defendant*. | Case No. 18-cv-11940 (AT) [rel. 19-cv-3123] |

**DEFENDANT BOLIVARIAN REPUBLIC OF VENEZUELA'S
ANSWER TO THE COMPLAINT**

Defendant Bolivarian Republic of Venezuela ("the Republic") hereby answers the Complaint dated December 18, 2018 (Dkt. 1), and states as follows:

The first paragraph of the Complaint, which is not numbered, sets forth information about the Complaint and does not require a response.

1. The Republic is without knowledge or information sufficient to admit or deny the allegations of Paragraph 1, and on that basis denies the allegations.

2. The Republic admits the allegations in Paragraph 2.

3. The Republic admits the allegations in Paragraph 3.

4. The allegations in Paragraph 4 interpret the terms and conditions governing the Debt Securities, and on that basis the Republic denies the allegations, and directs the Court to the terms themselves.

5.  The allegations in Paragraph 5 interpret the terms and conditions governing the Debt Securities, and on that basis the Republic denies the allegations, and directs the Court to the terms themselves.

6.  The Republic is without knowledge or information sufficient to admit or deny the allegations of Paragraph 6, and on that basis denies the allegations.

7.  Paragraph 7 describes the Complaint and does not require a response.  To the extent that Paragraph 7 makes any factual allegations, the Republic is without knowledge or information sufficient to admit or deny the allegations of Paragraph 6, and on that basis denies the allegations.

8.  The Republic is without knowledge or information sufficient to admit or deny the allegations of Paragraph 8, and on that basis denies the allegations.

9.  The Republic is without knowledge or information sufficient to admit or deny the allegations of Paragraph 9, and on that basis denies the allegations.

10. Paragraph 10 states a legal conclusion that does not require a response.  To the extent that Paragraph 4 makes any factual allegations, the Republic admits that it is a foreign state.

11. Paragraph 11 states a legal conclusion that does not require a response.  To the extent that Paragraph 11 makes any factual allegations, the Republic admits that it is a foreign state.  The remaining allegations interpret the terms of the 1998 FAA and 2001 FAA, and on that basis the Republic denies the allegations, and directs the Court to the terms of those documents.

12. Paragraph 12 states a legal conclusion that does not require a response.  To the extent that Paragraph 12 makes any factual allegations, it interprets the terms of the 1998 FAA

and 2001 FAA, and on that basis the Republic denies the allegations, and directs the Court to the terms of those documents.

13. The Republic admits that, as of the date of filing of the Complaint, the Republic had appointed as its agent the Consul General of Venezuela or, in the Consul's absence or incapacity, any official of the Consulate of Venezuela, which currently maintains offices at 7 East 51st Street, New York, New York 10022, for service of process for actions arising under the 1998 FAA and 2001 FAA. To the extent that Paragraph 13 can be read to suggest that the Republic has appointed any person to serve as its authorized agent for service of process generally, the Republic denies the allegation.

14. The allegations in Paragraph 14 interpret the terms of the relevant 1998 FAA and 2001 FAA, and on that basis the Republic denies the allegations, and directs the Court to the terms of those documents.

15. Paragraph 15 states a legal conclusion that does not require a response. To the extent that Paragraph 15 makes any factual allegations, it interprets the terms of the 1998 FAA and 2001 FAA, and on that basis the Republic denies the allegations, and directs the Court to the terms of those documents.

16. The Republic is without knowledge or information sufficient to admit or deny the allegations of Paragraph 16, and on that basis denies the allegations.

17. The Republic is without knowledge or information sufficient to admit or deny the allegations of Paragraph 17, and on that basis denies the allegations.

18. The Republic is without knowledge or information sufficient to admit or deny the allegations of Paragraph 18, and on that basis denies the allegations.

19. The Republic is without knowledge or information sufficient to admit or deny the allegations of Paragraph 19, and on that basis denies the allegations.

20. The Republic is without knowledge or information sufficient to admit or deny the allegations of Paragraph 20, and on that basis denies the allegations.

21. The allegations in Paragraph 21 interpret the terms of the relevant 1998 FAA and 2001 FAA, and on that basis the Republic denies the allegations, and directs the Court to the terms of those documents.

22. The Republic is without knowledge or information sufficient to admit or deny the allegations of Paragraph 20, and on that basis denies the allegations.

23. The allegations in Paragraph 23 interpret the "applicable terms and conditions of the Global Bonds," and on that basis the Republic denies the allegations, and directs the Court to the terms themselves.

24. The allegations in Paragraph 24 interpret the "applicable terms and conditions of the Global Bonds," and on that basis the Republic denies the allegations, and directs the Court to the terms themselves.

25. The Republic is without knowledge or information sufficient to admit or deny the allegations of Paragraph 25, and on that basis denies the allegations.

26. The allegations in Paragraph 26 interpret the "applicable terms and conditions of the Global Bonds," and on that basis the Republic denies the allegations, and directs the Court to the terms themselves.

27. The Republic is without knowledge or information sufficient to admit or deny the allegations of Paragraph 27, and on that basis denies the allegations.

28.     The allegations in Paragraph 28 interpret the "applicable terms and conditions of the Global Bonds," and on that basis the Republic denies the allegations, and directs the Court to the terms themselves.

29.     The Republic is without knowledge or information sufficient to admit or deny the allegations of Paragraph 29, and on that basis denies the allegations.

30.     The Republic is without knowledge or information sufficient to admit or deny the allegations of Paragraph 30, and on that basis denies the allegations.

31.     The allegations in Paragraph 31 interpret the "applicable terms and conditions governing the Global Bonds," and on that basis the Republic denies the allegations, and directs the Court to the terms themselves.

32.     The allegations in Paragraph 32 interpret the "applicable terms and conditions governing the Global Bonds," and on that basis the Republic denies the allegations, and directs the Court to the terms themselves.

33.     Paragraph 33 states a legal conclusion that does not require a response.  To the extent that Paragraph 33 makes any factual allegations, it interprets the "applicable terms and conditions governing the Global Bonds," and on that basis the Republic denies the allegations, and directs the Court to the terms themselves.

34.     The allegations in Paragraph 34 interpret the "terms and conditions of the Global Note," and on that basis the Republic denies the allegations, and directs the Court to the terms themselves.

35. The allegations in Paragraph 35 interpret the "terms and conditions of the Global Note," and on that basis the Republic denies the allegations, and directs the Court to the terms themselves.

36. The Republic is without knowledge or information sufficient to admit or deny the allegations of Paragraph 36, and on that basis denies the allegations.

37. The allegations in Paragraph 37 interpret the "terms and conditions of the Global Note," and on that basis the Republic denies the allegations, and directs the Court to the terms themselves.

38. The Republic is without knowledge or information sufficient to admit or deny the allegations of Paragraph 38, and on that basis denies the allegations.

39. The allegations in Paragraph 39 interpret the "terms and conditions of the Global Note," and on that basis the Republic denies the allegations, and directs the Court to the terms themselves.

40. The Republic is without knowledge or information sufficient to admit or deny the allegations of Paragraph 40, and on that basis denies the allegations.

41. The Republic is without knowledge or information sufficient to admit or deny the allegations of Paragraph 41, and on that basis denies the allegations.

42. The allegations in Paragraph 42 interpret the "applicable terms and conditions governing the Global Note," and on that basis the Republic denies the allegations, and directs the Court to the terms themselves.

43. Paragraph 43 states a legal conclusion that does not require a response. To the extent that Paragraph 43 makes any factual allegations, it interprets the "applicable terms and

conditions governing the Global Bonds," and on that basis the Republic denies the allegations, and directs the Court to the terms themselves.

44. Paragraph 44 states a legal conclusion that does not require a response. To the extent that Paragraph 44 makes any factual allegations, it interprets the "applicable terms and conditions governing the Global Bonds," and on that basis the Republic denies the allegations, and directs the Court to the terms themselves.

45. The allegations in Paragraph 45 interpret the "applicable terms and conditions of the Debt Securities," and on that basis the Republic denies the allegations, and directs the Court to the terms themselves.

46. The allegations in Paragraph 46 interpret the 1998 FAA, and on that basis the Republic denies the allegations, and directs the Court to the 1998 FAA itself.

47. The Republic is without knowledge or information sufficient to admit or deny the allegations of Paragraph 47, and on that basis denies the allegations.

48. The allegations in Paragraph 48 interpret the "applicable terms and conditions of the Global Note," and on that basis the Republic denies the allegations, and directs the Court to the terms themselves.

49. The Republic is without knowledge or information sufficient to admit or deny the allegations of Paragraph 49, and on that basis denies the allegations.

50. Paragraph 50 states a legal conclusion that requires no response. To the extent that Paragraph 50 states any factual allegations, the Republic denies the allegations.

51.     Paragraph 51 states a legal conclusion that requires no response.  To the extent that Paragraph 51 states any factual allegations, the Republic is without knowledge or information sufficient to admit or deny the allegations, and on that basis denies the allegations.

52.     The Republic's responses to paragraphs 1 through 51 are incorporated by reference as though set forth fully herein.

53.     The Republic admits that the Global Bonds matured on August 15, 2018, at which time the entire principal amount of the Global Bonds became due and payable.

54.     The Republic is without knowledge or information sufficient to admit or deny the allegations of Paragraph 54, and on that basis denies the allegations.

55.     The Republic is without knowledge or information sufficient to admit or deny the allegations of Paragraph 55, and on that basis denies the allegations.

56.     Paragraph 56 states a legal conclusion that requires no response.  To the extent that Paragraph 56 makes any factual allegations, the Republic is without knowledge or information sufficient to admit or deny the allegations, and on that basis denies the allegations.

57.     The Republic's responses to paragraphs 1 through 51 are incorporated by reference as though set forth fully herein.

58.     The Republic admits that the Global Note matured on August 15, 2018, at which time the Republic was required to redeem the Global Note at par.

59.     The Republic is without knowledge or information sufficient to admit or deny the allegations of Paragraph 59, and on that basis denies the allegations.

60.     The Republic is without knowledge or information sufficient to admit or deny the allegations of Paragraph 60, and on that basis denies the allegations.

61. Paragraph 61 states a legal conclusion that requires no response. To the extent that Paragraph 61 makes any factual allegations, the Republic is without knowledge or information sufficient to admit or deny the allegations, and on that basis denies the allegations.

With regard to the "WHEREFORE" clause and subsequent numbered paragraphs on page 9 of the Complaint, the Republic is without knowledge or information sufficient to admit or deny the allegations of the Complaint, and on that basis denies that Plaintiff is entitled to any relief whatsoever.

All allegations contained in the Complaint that are not specifically admitted or otherwise addressed in this Answer are denied.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE I: IMPOSSIBILITY

62. The government of Interim President Juan Guaidó (the "Interim Government") is, as a matter of U.S. law, the only recognized government of the Republic and solely authorized to assert the interests of the Republic in U.S. courts. Only the Interim Government can exercise the authority to defend claims against the Republic brought in U.S. courts. *See Guaranty Trust Co. v. United States*, 304 U.S. 126, 137–38 (1938); *Pfizer v. Government of India*, 434 U.S. 308, 319–20 (1978); *see also Republic of Panama v. Air Panama Internacional, S.A.*, 745 F. Supp. 669, 673 (S.D. Fla. 1988) (deferring to Executive Branch recognition of Delvalle government of Panama and rejecting notices of appearances filed by attorneys representing the Noriega regime).

63. Under present circumstances, it is impossible for the Interim Government to perform or to settle the financial debt contracts at issue in this case because the Interim

Government does not currently have access to, or control over, the financial resources and relevant financial documents of the Republic.

64. The Interim Government cannot access the Republic's financial resources and relevant financial documents because of the continued domination of the country by former President Maduro and his associates. That regime is illegitimate, but the Maduro group has nonetheless refused to relinquish power and continues to exercise a significant degree of control over Venezuelan governmental and financial institutions. As a result, it is at present impossible for the Interim Government to access the financial resources and relevant financial documents of the Republic necessary to resolve the massive debt outstanding. *See 407 E. 61st Garage, Inc. v. Savoy Fifth Ave. Corp.*, 244 N.E.2d 37, 41 (N.Y. 1968) (citing Restatement (First) of Contracts § 457 (1932)).

65. These circumstances could not have been foreseen by the parties at the time that these debt contracts were incurred.

**AFFIRMATIVE DEFENSE II:**
**STATE OF NECESSITY**

66. The Republic currently faces an unparalleled, complex humanitarian crisis caused by the misconduct of the Maduro group. Since Mr. Guaidó assumed the office of Interim President in January 2019, the Maduro group has refused to relinquish power and has refused to permit humanitarian assistance to enter the country. The country has been wracked by blackouts, hyperinflation, and shortages of food and medicine. The Republic's citizens lack access to the most basic necessities, including food, potable water, healthcare, and sanitation. These circumstances have resulted in one of the world's largest mass migrations, as millions of

Venezuelans have been forced to seek refuge in other countries in the region and throughout the world.

67. It is well-settled that customary international law is a part of U.S. law, *see The Paquete Habana*, 175 U.S. 677, 700 (1900) ("International law is part of our law … ."); *Kadic v. Karadzic*, 70 F.3d 232, 246 (2d Cir. 1995) (accepting "the settled proposition that federal common law incorporates international law"), and U.S. courts apply defenses derived from customary international law in cases involving foreign sovereigns, *e.g.*, *Yousuf v. Samantar*, 699 F.3d 763, 768–69 (4th Cir. 2012) ("'Head-of-state immunity is a doctrine of customary international law' pursuant to which an incumbent 'head of state is immune from the jurisdiction of a foreign state's courts.'").

68. One such defense drawn from customary international law is the doctrine of necessity (*état de nécessité*). Under that doctrine, a state's obligations may be excused where an essential interest of the state is put in "extreme peril" that "represents a grave danger to the existence of the State itself, its political or economic survival, the continued functioning of its essential services, the maintenance of internal peace, [or] the survival of a sector of its population." *Yearbook of the International Law Commission, 1980*, vol. II, pt. 1, p. 14. *See also Republic of Argentina v. BG Grp. PLC*, 715 F. Supp. 2d 108, 124 (D.D.C. 2010), *aff'd*, 555 F. App'x 2 (D.C. Cir. 2014) (citing *Case Concerning The Gabcikovo–Nagymaros Project (Hungary/Slovakia)*, 1997 I.C.J. 7, for the proposition that "the 'state of necessity' doctrine, as codified in Article 25 of the International Law Commission's Articles on State Responsibility, is limited to circumstances in which there is 'grave and imminent peril'"). The doctrine "recognizes … that the duty of a Government to ensure the proper functioning of its essential

11

public services outweighs that of paying its debts. No State is required to execute, or to execute in full, its pecuniary obligation if this jeopardizes the functioning of its public services and has the effect of disorganizing the administration of the country." *Yearbook of the International Law Commission, 1980*, vol. II, pt. 2, p. 37.

69. Present circumstances in the Republic threaten grave and imminent peril to millions of the Republic's citizens and thus amount to a state of necessity under customary international law. The Republic cannot, consistent with its obligations to its citizens under international law, allocate extremely limited financial resources at this time to pay or settle financial debts while its citizens are starving and lack access to the most basic necessities. The obligation of the Republic to perform its obligations at this time under the relevant financial debt contracts is therefore deferred in light of the Republic's current state of necessity.

## AFFIRMATIVE DEFENSE III:
## INTERNATIONAL COMITY

70. The Interim Government of President Juan Guaidó, together with the National Assembly, is formulating a comprehensive plan for addressing the humanitarian crisis, to be followed by a sustainable economic recovery plan, to be supported by the international community, and an orderly, consensual debt restructuring of all of the legitimate claims against the Republic and its state-owned enterprises.

71. The Republic's orderly, consensual debt restructuring plan, once adopted, will be fully consistent with the law and foreign policy of the United States.

72. The United States has expressed its strong support for the Interim Government and has emphasized the need for an expeditious resolution of the current humanitarian crisis. According to President Trump, the United States has firmly committed itself to "rebuilding

Venezuela's infrastructure and economy," and "supporting the effort to restore democracy and stability in Venezuela." *President Donald J. Trump Stands for Democracy in Venezuela* (May 1, 2019), *available at* https://www.whitehouse.gov/briefings-statements/president-donald-j-trump-stands-democracy-venezuela/.  As the Treasury Department has explained, "The United States fully supports the efforts of Interim President Juan Guaidó to address the endemic corruption, human rights abuses, and violent repression that has become the hallmark of the illegitimate Maduro group, and looks forward to the restoration of a democratically elected government for the people of Venezuela." U.S. Dep't of the Treasury, Press Release, *Treasury Sanctions Governors of Venezuelan States Aligned with Maduro* (Feb. 25, 2019), *available at* https://home.treasury.gov/news/press-releases/sm616.

73. Under principles of international comity, this Court should abstain from exercising jurisdiction or stay this action in order to allow the Interim Government to address the humanitarian crisis and to develop and implement its program to settle legacy claims, including the claims at issue here, through an orderly, consensual debt restructuring plan.  *See Canada Southern Railway Co. v. Gebhard*, 109 U.S. 527, 539 (1883).

WHEREFORE, Plaintiff's claims should be dismissed without prejudice, or, alternatively, the case should be stayed.

Dated: June 21, 2019                    */s/ Kent A. Yalowitz*
                                        Kent A. Yalowitz
                                        ARNOLD & PORTER KAYE SCHOLER LLP
                                        250 West 55th Street
                                        New York, NY 10019-9710
                                        Telephone: +1 212.836.8000
                                        Fax: +1 212.836.8689
                                        kent.yalowitz@arnoldporter.com

        E. Whitney Debevoise (*pro hac vice*)
        Stephen K. Wirth
        ARNOLD & PORTER KAYE SCHOLER LLP
        601 Massachusetts Ave., N.W.
        Washington, DC 20001-3743
        Telephone: +1 202.942.5000
        Fax: +1 202.942.5999
        whitney.debevoise@arnoldporter.com

        *Attorneys for the Bolivarian Republic of Venezuela*