# WALLISON & WALLISON LLP

20 East 69th Street
Suite 5A
New York, New York 10021

Jeremy L. Wallison, Esq.
Tel (Main): 212.292.1010
Tel (Direct): 212.292.1011
Fax: 212.671.1561
Email: jw@wallisonllp.com

July 3, 2019

VIA ECF (with courtesy copy to: Torres_NYSDChambers@nysd.uscourts.gov)

Hon. Analisa Torres
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Courtroom 15D
New York, NY 10007-1312

     Re:    Casa Express Corp, as Trustee of Casa Express Trust v. Bolivarian Republic of Venezuela; 18-cv-11940 (AT) [rel. 19-cv-3123]

Dear Judge Torres:

     This firm represents Casa Express Corp, as trustee of Casa Express Trust ("Casa Express"), the plaintiff in the above-referenced action. We submit this letter in response to the Court's Order of June 27, 2019 (ECF No. 41).

     On the question at issue – whether this case is ripe for summary judgment briefing, as Casa Express advocates, or should instead be stayed in all but name pending briefing and resolution of Venezuela's various arguments for a formal stay of this case – Casa Express joins in full and incorporates herein the points made on the same topic in the letter brief submitted today by plaintiffs' counsel in the related action, *Pharo Gaia Fund Ltd. and Pharo Macro Fund Ltd. v. Bolivarian Republic of Venezuela*, No. 19-cv-3123 (AT) (the "Pharo Plaintiffs' Letter Brief"). Venezuela has waived its jurisdictional defenses; the one fact issue it cites as a needed topic of discovery misunderstands how litigation rights are conferred in the relevant debt securities; proceeding directly to summary judgment tracks the gold standard set by Judge Griesa and the Second Circuit in the Argentina bondholder suits; and, for its part, Venezuela's case management counterproposal delays the inevitable for a comity argument contingent on the fall of Maduro (among its other optimistic assumptions), an impossibility argument contradicted by Venezuela's recent payments to PDVSA 2020 bondholders, and a "state of necessity" argument that cannot be squared with, *inter alia*, the Maduro regime's apparent recent shipment of 7.4 tons of gold out of the country. Particularly when other Venezuela creditors in other courts will not be slowed in their efforts by a stay imposed in this case, Venezuela's advocated schedule needlessly would prejudice Casa Express' rights.

     To this we would add only one final point. The Pharo Plaintiffs are suing on two debt securities: a 13.625% 2018 Note, ISIN USP9395PAA95, and 7.75% 2019 Bonds, ISIN USP97475AN08, both governed by a Fiscal Agency Agreement dated July 25, 2001 (the "2001

FAA"). Casa Express is suing on the same 13.625% 2018 Note, but also on a separate issuance of 13.625% 2018 Global Bonds, ISIN US922646AT10, governed by a Fiscal Agency Agreement dated August 6, 1998 (the "1998 FAA"). For purposes of the Pharo Plaintiffs' argument regarding New York General Obligations Law § 13-107 (and, indeed, for purposes of all other arguments in their letter), that is a distinction without a difference. Like the 2001 FAA, the 1998 FAA provides that the U.S. depositary, Cede & Co., is to be treated "as the sole owner of" the relevant debt security "for all purposes whatsoever" (§ 1(f)(i)), but that Cede & Co. "may grant proxies and otherwise authorize" beneficial owners "to take any action which a holder is entitled to take under this Fiscal Agency Agreement or the Securities" (§ 5(c)). Accordingly, just as with the debt securities issued under the 2001 FAA, Cede & Co.'s authorization to sue *vel non* is dispositive.

      For these reasons, all as further detailed in the Pharo Plaintiffs' Letter Brief, Casa Express respectfully requests that the Court allow Casa Express to file for summary judgment without further delay.

                                    Respectfully submitted,

                                    /s/ Jeremy Wallison