UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASA EXPRESS CORP, as Trustee of CASA EXPRESS TRUST,<br><br>                                  Plaintiff,<br><br>         v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>                                  Defendant. | Case No. 18 Civ. 11940 (AT)<br>Related to 19 Civ. 3123 (AT) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 1610(C)**

Plaintiff Casa Express Corp, as Trustee of Casa Express Trust ("Plaintiff") hereby moves for a determination pursuant to 28 U.S.C. § 1610(c) that a reasonable period of time has elapsed since this Court's October 16, 2020 Final Judgment Order against Defendant Bolivarian Republic of Venezuela ("Venezuela"), such that Plaintiff may seek to enforce against Venezuela's assets to aid in the execution of the Court's judgment.

### BACKGROUND

On December 18, 2018, Plaintiff initiated this action alleging breach of contract against Venezuela for its failure to make contractually mandated principal and interest payments on two dollar-denominated debt securities issued by Venezuela. Dkt. 1. Plaintiff moved for summary judgment, and Venezuela cross-moved for a stay of the litigation. Dkt. 59; Dkt. 65. On September 30, 2020, the Court entered an Order denying Venezuela's motion to stay, and entering final judgment in the Plaintiff's favor, ordering Venezuela to pay over $43 million to Plaintiff. Dkt. 75.

1

Since the entry of judgment, Venezuela has made no payment on the judgment or proposed a payment plan for satisfaction of the judgment.

## ARGUMENT

Section 1610(c) of the Foreign Sovereign Immunities Act provides that:

> No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter.

28 U.S.C. 1610(c). To determine whether a reasonable period of time has elapsed, courts must take into account the "procedures, including legislation, that may be necessary for payment of a judgment by a foreign state, which may take several months; representations by the foreign state of steps being taken to satisfy the judgment; or any steps being taken to satisfy the judgment; or evidence that the foreign state is about to remove assets from the jurisdiction to frustrate satisfaction of the judgment." *Levin v. Bank of New York*, No. 09 CV 5900 RPP, 2011 WL 812032, at *7 (S.D.N.Y. Mar. 4, 2011) (quoting H.R. Rep. 1487, 94th Cong., 2d Sess. 1, 30 (1976)).

Courts have generally found periods of three months (or even less) to be "reasonable period[s]" of time to have elapsed before attachment of assets may commence. *See, e.g.*, *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 9 (D.D.C. 2015) (finding that three months, in the "absence of any evidence that defendants are making efforts to pay these judgments voluntarily," was reasonable); *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (finding six weeks was reasonable because "[s]uch a period of time is sufficient for most governments to pass the minor legislation necessary to appropriate funds, and to organize and transfer the appropriate assets," and because "there is no evidence that the defendant has taken any steps towards the payment of its debt," while "there is at least some evidence that the defendant is actually attempting to evade its obligation"); *Gadsby & Hannah*, 698 F. Supp. at 486 (two months is reasonable); *Ferrostaal Metals*

*Corp. v. S.S. Lash Pacifico*, 652 F. Supp. 420, 423 (S.D.N.Y. 1987) (three months would be reasonable).

Moreover, two courts have recently issued orders in cases involving Venezuela determining that periods of two and five months after entry of judgment, respectively, were reasonable periods of time within the meaning of Section 1610(c). *See OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, 419 F. Supp. 3d 51, 55 (D.D.C. 2019) (finding five months was a reasonable period because, while there was "no evidence of evasion, there is also no evidence of steps being taken to satisfy the judgment"); *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 16-CV-661, 2017 WL 6349729, at *1 (D.D.C. June 9, 2017) (finding 60 days reasonable especially because of Venezuela's "failure to assert that it is attempting to pay the judgment or provide any evidence of such efforts").

Here, a reasonable period of time has passed under Section 1610(c). Over seven months has passed since the Court entered final judgment against Venezuela.[1] *See* Dkt. 77. While the "reasonable period of time" is "meant to allow the foreign government sufficient time to work through its internal procedures to satisfy the judgment," Venezuela is "functionally unable to do so at this time." *OI Eur. Grp. B.V.*, 419 F. Supp. 3d at 54. There is no need to delay the issuance of a Section 1610(c) order. Critically, Venezuela has made no attempt to take any steps to satisfy the judgment.

Meanwhile, courts in other jurisdictions already are granting creditors leave to seek attachment of Venezuelan assets, *see OI Eur. Grp. B.V.*, 419 F. Supp. 3d at 56 (granting leave to seek attachment and execution), or have already granted a writ of attachment and are moving forward with the sale of attachable assets pending authorization from the Office of Foreign Assets

---

[1] On November 23, 2020, the final judgment was amended to include the prevailing party's attorneys' fees and costs. *See* Dkt. 83.

Control ("OFAC"), *see Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. CV 17-MC-151-LPS, 2021 WL 129803 (D. Del. Jan. 14, 2021).  Plaintiff seeks only the same treatment that other creditors are receiving elsewhere.

Finally, Plaintiff is mindful of the fact that the sanctions put in place by OFAC currently prevent it from executing a writ of attachment against assets of Venezuela unless or until the sanctions are lifted or Plaintiff receives a specific license. That fact, however, does not mean that an order pursuant to Section 1610(c) should not issue now—indeed, other creditors are already poised to attach assets as soon as they receive leave to do so from OFAC. Plaintiff should be given an equal opportunity to position itself to receive full recovery once it is able to do so.

## CONCLUSION

For the foregoing reasons, Plaintiff requests leave to seek attachment and execution of Venezuela's assets in satisfaction of the final judgment entered on October 16, 2020, as amended on November 23, 2020.

Dated: May 18, 2021

Respectfully submitted,

**SANCHEZ FISCHER LEVINE, LLP**
1200 Brickell Avenue, Suite 750
Miami, Florida 33131
(305) 925-9947

/s/ *David M. Levine*
David M. Levine, Esq.
Email: dlevine@sfl-law.com
*Attorney for Plaintiff Casa Express Corp,.*
*as Trustee of Casa Express Trust*