USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ____2/19/2026____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., BOSTON PATRIOT SUMMER ST LLC, POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS L.L.C., EMMA 1 MASTER FUND, L.P., and E1 SP, A SEGREGATED ACCOUNT OF EMAP SPC, <br><br> Plaintiffs, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | : <br> : <br> : Case No. 19 Civ. 11018 [rel. Nos. 19 <br> : Civ. 3123 & 18 Civ. 11940] <br> : <br> : <br> : Hon. Analisa Torres <br> : <br> : **STIPULATION AND** <br> : **FINAL JUDGMENT** <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**STIPULATION FOR ENTRY OF FINAL JUDGMENT**

The parties to this action, by their undersigned counsel, hereby enter into the following stipulation for the entry of a final judgment (the "Judgment") with respect to the Bonds (as defined below).

WHEREAS, in a complaint filed November 29, 2019 (ECF No. 1), and in a corrected first amended complaint filed January 7, 2020 (ECF No. 21), Contrarian Capital Management, L.L.C., Contrarian Capital Fund I, L.P., Contrarian Dome du Gouter Master Fund, LP, Contrarian Capital Senior Secured, L.P., Contrarian EM II, LP, Contrarian Emerging Markets, L.P., Boston Patriot Summer St LLC, Polonius Holdings, LLC, Emma 1 Master Fund, L.P., Contrarian Funds, L.L.C. and E1 SP, a Segregated Account of EMAP SPC ("Plaintiffs"), together with certain other plaintiffs, commenced this action seeking judgment for breach of contract for non-payment of principal and interest on debt securities issued by the Bolivarian Republic of Venezuela (the "Republic") and identified by International Security Identification Numbers ISIN US922646AT10, ISIN USP9395PAA95, ISIN USP97475AD26, ISIN USP17625AC16, ISIN USP17625AA59, ISIN USP97475AP55, ISIN USP17625AE71, ISIN USP17625AB33, ISIN USP17625AD98, and ISIN US922646BL74; and

WHEREAS, on October 16, 2020, the Court entered judgment (the "October 2020 Judgment") (ECF No. 81) in favor of Contrarian Capital Fund I, L.P., Contrarian Dome du Gouter

Master Fund, LP, Contrarian Capital Senior Secured, L.P., Contrarian EM II, LP, Contrarian Emerging Markets, L.P., and Polonius Holdings, LLC for breach of contract for non-payment of principal and interest on debt securities issued by the Republic and identified by International Security Identification Numbers ISIN US922646AT10, ISIN USP9395PAA95, ISIN USP97475AD26, ISIN USP17625AC16, ISIN USP17625AA59, ISIN USP97475AP55, ISIN USP17625AE71, ISIN USP17625AB33, and ISIN USP17625AD98 (the "Notes"); and

WHEREAS, the October 2020 Judgment included both principal and accrued interest as to certain debt securities (namely, (i) 13.625% RegS Notes Due 8/15/2018 (ISIN USP9395PAA95), (ii) 13.625% Notes Due 08/15/2018 (ISIN US922646AT10), and (iii) 7.00% Notes Due 12/1/2018 (ISIN USP97475AD26)) and only accrued interest as to certain other debt securities (namely, (iv) 12.75% Notes Due 08/23/2022 (ISIN USP17625AC16), (v) 9% Notes Due 05/07/2023 (ISIN USP17625AA59), (vi) 8.25% Bonds Due 10/13/2024 (ISIN USP97475AP55), (vii) 11.75% Notes Due 10/21/2026 (ISIN USP17625AE71), (viii) 9.25% Notes Due 05/07/2028 (ISIN USP17625AB33), and (ix) 11.95% Notes Due 08/05/2031 (ISIN USP17625AD98)); and

WHEREAS, on May 24, 2021, the Court entered judgment (the "May 2021 Judgment") (ECF No. 119) in favor of Contrarian Capital Fund I, L.P., Contrarian Capital Senior Secured, L.P., Contrarian EM II, LP, Contrarian Emerging Markets, L.P., Emma 1 Master Fund, L.P., and E1 SP, a Segregated Account of EMAP SPC for breach of contract for non-payment of interest on debt securities issued by the Republic and identified by International Security Identification Numbers ISIN USP17625AC16), ISIN USP17625AA59, ISIN USP97475AP55, ISIN USP17625AE71, ISIN USP17625AB33, and ISIN USP17625AD98; and

WHEREAS, the May 2021 Judgment included accrued interest as to certain debt securities (namely, (i) 12.75% Notes Due 08/23/2022 (ISIN USP17625AC16), (ii) 9% Notes Due 05/07/2023 (ISIN USP17625AA59), (iii) 8.25% Bonds Due 10/13/2024 (ISIN USP97475AP55), (iv) 11.75% Notes Due 10/21/2026 (ISIN USP17625AE71), (v) 9.25% Notes Due 05/07/2028 (ISIN USP17625AB33), and (vi) 11.95% Notes Due 08/05/2031 (ISIN USP17625AD98); and

WHEREAS, on October 27, 2021, the Court entered judgment (the "October 2021 Judgment") (ECF No. 126) in favor of Boston Patriot Summer St LLC SPC for breach of contract for non-payment of interest on debt securities issued by the Republic and identified by International Security Identification Numbers ISIN USP17625AC16, ISIN USP17625AE71, ISIN USP17625AD98, and ISIN US922646BL74; and

WHEREAS, the October 2021 Judgment included accrued interest as to certain debt securities (namely, (i) 12.75% Notes Due 08/23/2022 (ISIN USP17625AC16), (ii) 11.75% Notes Due 10/21/2026 (ISIN USP17625AE71), (iii) 11.95% Notes Due 08/05/2031 (ISIN USP17625AD98), and (iv) 9.375% Notes Due 1/13/2034) (ISIN US922646BL74)); and

WHEREAS, on January 2, 2024, the Court entered judgment (the "January 2024 Judgment") (ECF No. 177) in favor of Polonius Holdings, LLC, Contrarian Emerging Markets, L.P., Boston Patriot Summer St LLC, Contrarian EM II, LP, and Emma I Master Fund, L.P. against the Republic for breach of contract for non-payment of interest for non-payment of principal and interest on debt securities issued by the Republic and identified by International Security

Identification Numbers ISIN US922646AT10, ISIN USP9395PAA95, ISIN USP97475AD26, ISIN USP17625AC16, and ISIN USP17625AA59; and

WHEREAS, the January 2024 Judgment included both principal and accrued interest as to certain debt securities (namely, (i) 12.75% Notes Due 08/23/2022 (ISIN USP17625AC16), and (ii) 9% Notes Due 05/07/2023 (ISIN USP17625AA59)), and only accrued interest as to certain other debt securities (namely (iii) 13.625% RegS Notes Due 8/15/2018 (ISIN USP9395PAA95), (iv) 13.625% Notes Due 08/15/2018 (ISIN US922646AT10), and (v) 7.00% Notes Due 12/1/2018 (ISIN USP97475AD26)); and

WHEREAS, the parties recognize that coupon interest is no longer accruing on certain debt securities that have been reduced to a judgment (namely, (i) 13.625% RegS Notes Due 8/15/2018 (ISIN USP9395PAA95), (ii) 13.625% Notes Due 08/15/2018 (ISIN US922646AT10), (iii) 7.00% Notes Due 12/1/2018 (ISIN USP97475AD26), (iv) 12.75% Notes Due 08/23/2022 (ISIN USP17625AC16), and (v) 9% Notes Due 05/07/2023 (ISIN USP17625AA59)) (the "Matured Bonds Reduced to Judgment"); and

WHEREAS, on March 31, 2025, Plaintiffs sought leave to file a Proposed Fourth Supplemental Complaint seeking judgment for breach of contract for non-payment of principal and interest on debt securities issued by the Republic; and

WHEREAS, the October 2020 Judgment, the May 2021 Judgment, the October 2021 Judgment, and the January 2024 Judgment address the issues of whether (i) the debt securities subject to the Proposed Fourth Supplemental Complaint are valid agreements, (ii) the Republic has breached the debt securities subject to the Proposed Fourth Supplemental Complaint, and (iii) Plaintiffs have standing to sue with regard to the debt securities subject to the Proposed Fourth Supplemental Complaint; and

WHEREAS, the Republic has determined to proceed with an orderly and consensual renegotiation of legacy commercial claims as soon as practicable; and

WHEREAS, the Republic's anticipated claims reconciliation process will include, in the case of legacy debt securities, a determination of unpaid principal and interest accrued according to original contractual terms; and

WHEREAS, the Republic has determined to respond to all reconciled claims in accordance with principles and on financial terms that are consistent with an economic recovery program to be supported by the International Monetary Fund and other official sector sponsors; and

WHEREAS, the Republic has determined that no preferential treatment will be accorded in the debt renegotiation to claims that have been reduced to a court judgment; and

WHEREAS, Plaintiffs have not agreed to participate in any such claims reconciliation process, or any potential debt renegotiation, and specifically reserve their right to accept or reject any offer from the Republic and/or to pursue any post-judgment collection efforts they choose, subject to the terms of this stipulation; and

WHEREAS the parties recognize that interest on unpaid principal under the Plaintiffs' notes at issue in this stipulation run at rates of 7.00% to 13.625% per annum and interest on accrued coupons runs at the rate provided for in CPLR § 5004, while interest on a federal judgment would run at the rate provided for in 28 U.S.C. § 1961; and

WHEREAS the parties have agreed that there shall be no award of attorney's fees with respect to Plaintiffs' Fourth Supplemental Complaint or the entry of this Judgment; and

WHEREAS, the Republic has determined that Plaintiffs' claims for unpaid principal and interest due on account of accrued coupons have been adequately documented and computed; and

WHEREAS, the Republic has determined that the amounts of statutory pre-judgment interest on the accrued coupons through the date of entry of Judgment have been properly calculated;

WHEREAS, the October 2020 Judgment, the May 2021 Judgment, the October 2021 Judgment, and the January 2024 Judgment awarded a part of the then-accruing coupon payments prior to the coupon dates, which had the effect of reducing the interest rate payable on those amounts to the post-judgment interest rate provided for in 28 U.S.C. § 1961, and the Republic has agreed as a compromise and as part of this overall settlement to entry of a Judgment now that similarly includes amounts of coupon interest through the date of entry of such Judgment, which likewise has the effect of reducing the interest rate payable on those amounts to the post-judgment interest rate provided for in 28 U.S.C. § 1961; and

WHEREAS, the parties have agreed that, upon full satisfaction and payment of all outstanding principal, accrued coupon interest, prejudgment interest, and post-judgment interest set forth in the Judgment:  (i) the debt securities shall automatically be deemed purchased in full by the Republic and cancelled; and (ii) no further interest or other amounts shall accrue on the debt securities thereafter; and

WHEREAS, the parties have agreed to a credit in the amount of $24,313,545.50 to account for certain coupon interest on certain Matured Bonds Reduced to Judgment that was included in the January 2024 Judgment; and

WHEREAS, six years have elapsed since Plaintiffs filed their complaint on the debt securities that are the subject of this stipulation on November 29, 2019; and

WHEREAS, the parties further recognize that creditors' ability to collect on judgments on debt securities such as those at issue in this proceeding is currently restricted by sanctions imposed by the President of the United States and administered by the Office of Foreign Assets Control ("OFAC") of the United States Treasury; and

WHEREAS, the United States maintains these sanctions in order to "prevent further diverting of Venezuela's assets by Maduro and preserve these assets for the people of Venezuela"; and

WHEREAS, the Republic has determined that it is in the interests of the Venezuelan people, of the restoration of democracy in Venezuela, and of the eventual orderly and consensual

renegotiation of legacy commercial claims, to reduce expenditures on litigation where possible, consistent with the interests of a fair recognition of just claims and ensuring that unjust claims are not paid; and

WHEREAS, no agency or instrumentality of Venezuela is a party to this agreement; and

WHEREAS, the parties are in agreement that the Court should retain jurisdiction over matters related to the enforcement of the agreement reflected in this Final Judgment; and

WHEREAS, PLAINTIFFS REPRESENT AND WARRANT to the Republic that: (i) Plaintiffs are not, and are not owned or controlled by, or otherwise affiliated with, a Sanctioned Party, and are not acting directly or indirectly in any way for or on behalf of a Sanctioned Party; and (ii) no Sanctioned Party has any interest in Plaintiffs' claims against the Republic and no Plaintiff will knowingly permit any Sanctioned Party to benefit in any way from any amounts that Plaintiffs may recover on this Judgment. The term "Sanctioned Party" means any entity whose property and interests in property are blocked pursuant to Executive Order 13692, 13850 or 13884 or any other sanctions administered or enforced by OFAC for so long as the sanctions blocking such property are in effect, which as of the date of this stipulation include the Republic of Venezuela, any political subdivision, agency, or instrumentality thereof, including the Central Bank of Venezuela, Petróleos de Venezuela, S.A., the National Bolivarian Armed Forces of Venezuela, and the Venezuelan Economic and Social Development Bank, any person owned or controlled, directly or indirectly, by the foregoing, and any person who has acted or purported to act directly or indirectly for or on behalf of, any of the foregoing, including as a member of the Nicolás Maduro regime. Any breach of this representation and warranty shall be grounds for relief from the judgment under Federal Rule of Civil Procedure 60(b)(6); THEREFORE, it is

STIPULATED AND AGREED that the Court should enter a final judgment in the form of Judgment attached hereto; and it is

FURTHER STIPULATED AND AGREED that Plaintiffs' right to recover interest with respect to the Matured Bonds Reduced to Judgment is limited to the post-judgment interest rate provided for in 28 U.S.C. § 1961; and it is

FURTHER STIPULATED AND AGREED that the Republic does not waive its statutory right under 28 U.S.C. § 1610(c) of immunity from attachment or execution of the Final Judgment for a period of 12 months following the Court's entry of a Final Judgment  This provision does not restrict Plaintiff from (1) participating in any claim reconciliation process, prior to the expiration of the 12-month period, or (2) seeking certification of the Final Judgment from the Court in the United States prior to the expiration of the 12-month period; and it is

FURTHER STIPULATED AND AGREED that the Republic waives all defenses to liability or to entry of judgment as to the claims that are the subject of this stipulation, including without limitation any defense based upon sovereign immunity, jurisdiction, or venue; waives all right to demand trial and trial by jury; and waives all right to appeal from this stipulated judgment; and it is

5

FURTHER STIPULATED AND AGREED that nothing in this stipulation relieves any party from applicable law, including any law concerning sovereign immunities and any restrictions administered by OFAC.

**Dated:**   February 17, 2026
New York, New York

MOLOLAMKEN LLP                                    VINSON & ELKINS LLP

/s/ *Mark W. Kelley*                                    /s/ *Marisa Antonelli*

Steven F. Molo                                         Camilo Cardozo
Justin M. Ellis                                        Marisa Antonelli
Mark W. Kelley                                         Dora P. Georgescu
MOLOLAMKEN LLP                                         VINSON & ELKINS LLP
430 Park Avenue, 6th Floor                             1114 Avenue of the Americas
New York, NY 10022                                     New York, NY 10036
Tel.: (212) 607-8170                                   Tel: (212) 237-0000
Fax: (212) 607-8161                                    Fax: (212) 237-0100
smolo@mololamken.com                                   ccardozo@velaw.com

*Counsel for Plaintiffs*                                 *Counsel for Defendant*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., BOSTON PATRIOT SUMMER ST LLC, POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS L.L.C., EMMA 1 MASTER FUND, L.P., and E1 SP, A SEGREGATED ACCOUNT OF EMAP SPC, <br><br> Plaintiffs, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 19 Civ. 11018 [rel. Nos. 19 Civ. 3123, 18 Civ. 11940, 20 Civ. 10342, 21 Civ. 597 & 21 Civ. 2678] <br><br> **FINAL JUDGMENT** |

**FINAL JUDGMENT**

**WHEREAS**, this Court having subject matter jurisdiction over this case and personal jurisdiction over Defendant the Bolivarian Republic of Venezuela (the "Republic"), the Republic having appeared before the Court and not contesting the Court's jurisdiction;

**WHEREAS**, the parties having conducted discovery in which Plaintiffs provided evidence to the Republic of Plaintiffs' standing to sue, identity, and continuing ownership interest in the debt securities that are the subject of this Judgment; and

**WHEREAS**, the parties having reached a stipulation for the entry of Judgment (the "Stipulation") for the reasons and on the terms set forth therein;

2

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

1.      Final Judgment is entered in favor of Contrarian EM II, LP, Contrarian Emerging Markets, L.P., Boston Patriot Summer St LLC, and Emma 1 Master Fund, L.P., against the Republic for breach of contract; and

2.      The Republic is liable to each of the following Plaintiffs for the following amounts of unpaid principal, unpaid accrued coupon interest, and statutory prejudgment interest only; and

3.      Interest shall accrue on the amounts in the Final Judgment in accordance with 28 U.S.C. § 1961.

| Plaintiff | Bond | Missed Coupons Since Date of Prior Judgment[1] | Overdue Principal | Accrued Coupon Interest from Date of Prior Judgment through Feb. 17, 2026 | Accrued Statutory Prejudgment Interest from Day After Missed Coupon through Feb. 17, 2026 | Total Principal, Coupon, and Prejudgment Interest Owed through Feb. 17, 2026 | Daily Accrual from Feb. 17, 2026 until Judgment Entered[2] |
|---|---|---|---|---|---|---|---|
| Contrarian Emerging Markets, L.P. | 8.25% 2024 Bonds | Apr. 13, 2024; Oct. 13, 2024; Apr. 13, 2025; and Oct. 13, 2025 | $4,824,200 | $845,742.56 | $78,705.17 | $6,333,895.88 | $2,491.35 |
| Contrarian EM II, LP | 8.25% 2024 Bonds | Apr. 13, 2024; Oct. 13, 2024; Apr. 13, 2025; and Oct. 13, 2025 | $345,000 | $60,482.81 | $5,628.56 | $452,965.07 | $178.17 |
| Emma I Master Fund, L.P. | 8.25% 2024 Bonds | Apr. 13, 2024; Oct. 13, 2024; Apr. 13, 2025; and Oct. 13, 2025 | $330,800 | $57,993.38 | $5,396.89 | $434,321.29 | $170.83 |
| Contrarian Emerging Markets, L.P. | 11.75% 2026 Bonds | Apr. 21, 2024; Oct. 21, 2024; Apr. 21, 2025; and Oct. 21, 2025 | N/A | $46,453,560.38 | $4,236,744.38 | $50,690,304.76 | $71,504.13 |
| Boston Patriot Summer St LLC | 11.75% 2026 Bonds | Apr. 21, 2024; Oct. 21, 2024; Apr. 21, 2025; and Oct. 21, 2025 | N/A | $13,214,960.63 | $1,205,255.52 | $14,420,216.15 | $20,341.27 |
| Contrarian EM II, LP | 11.75% 2026 Bonds | Apr. 21, 2024; Oct. 21, 2024; Apr. 21, 2025; and Oct. 21, 2025 | N/A | $8,848,425.63 | $807,010.64 | $9,655,436.27 | $13,620.03 |

---

[1] The relevant date of the prior judgment is January 2, 2024 for all Plaintiffs.

[2] Daily Accrual includes coupon and prejudgment interest accruing per day from the date this Proposed Judgment is submitted to the date judgment is entered by the Court.

3

| Plaintiff | Bond | Missed Coupons Since Date of Prior Judgment[1] | Overdue Principal | Accrued Coupon Interest from Date of Prior Judgment through Feb. 17, 2026 | Accrued Statutory Prejudgment Interest from Day After Missed Coupon through Feb. 17, 2026 | Total Principal, Coupon, and Prejudgment Interest Owed through Feb. 17, 2026 | Daily Accrual from Feb. 17, 2026 until Judgment Entered[2] |
|---|---|---|---|---|---|---|---|
| Emma I Master Fund, L.P. | 11.75% 2026 Bonds | Apr. 21, 2024; Oct. 21, 2024; Apr. 21, 2025; and Oct. 21, 2025 | N/A | $3,185,812.75 | $290,558.45 | $3,476,371.20 | $4,903.80 |
| Contrarian Emerging Markets, L.P. | 9.25% 2028 Bonds | May 7, 2024; Nov. 7, 2024; May 7, 2025; and Nov. 7, 2025 | N/A | $504,929.75 | $41,130.01 | $546,059.76 | $747.92 |
| Contrarian EM II, LP | 9.25% 2028 Bonds | May 7, 2024; Nov. 7, 2024; May 7, 2025; and Nov. 7, 2025 | N/A | $50,123.44 | $4,082.90 | $54,206.34 | $74.24 |
| Emma I Master Fund, L.P. | 9.25% 2028 Bonds | May 7, 2024; Nov. 7, 2024; May 7, 2025; and Nov. 7, 2025 | N/A | $34,634.31 | $2,821.20 | $37,455.51 | $51.30 |
| Contrarian Emerging Markets, L.P. | 11.95% 2031 Bonds | Feb. 5, 2024, Aug. 5, 2024, Feb. 5, 2025, Aug. 5, 2025; and Feb. 5, 2026 | N/A | $14,588,963.31 | $1,598,884.55 | $16,187,847.86 | $23,302.63 |
| Boston Patriot Summer St LLC | 11.95% 2031 Bonds | Feb. 5, 2024, Aug. 5, 2024, Feb. 5, 2025, Aug. 5, 2025; and Feb. 5, 2026 | N/A | $2,994,837.30 | $328,220.65 | $3,323,057.95 | $4,783.59 |

4

| Plaintiff | Bond | Missed Coupons Since Date of Prior Judgment[1] | Overdue Principal | Accrued Coupon Interest from Date of Prior Judgment through Feb. 17, 2026 | Accrued Statutory Prejudgment Interest from Day After Missed Coupon through Feb. 17, 2026 | Total Principal, Coupon, and Prejudgment Interest Owed through Feb. 17, 2026 | Daily Accrual from Feb. 17, 2026 until Judgment Entered[2] |
|---|---|---|---|---|---|---|---|
| Contrarian EM II, LP | 11.95% 2031 Bonds | Feb. 5, 2024, Aug. 5, 2024, Feb. 5, 2025, Aug. 5, 2025; and Feb. 5, 2026 | N/A | $581,593.06 | $63,739.97 | $645,333.03 | $928.97 |
| Emma I Master Fund, L.P. | 11.95% 2031 Bonds | Feb. 5, 2024, Aug. 5, 2024, Feb. 5, 2025, Aug. 5, 2025; and Feb. 5, 2026 | N/A | $1,000,513.75 | $109,651.79 | $1,110,165.54 | $1,598.10 |
| Boston Patriot Summer St LLC | 9.375% 2034 Bonds | Jan. 13, 2024, July 13, 2024, Jan. 13, 2025, July 13, 2025; and Jan. 13, 2026 | N/A | $996,093.75 | $115,813.36 | $1,111,907.11 | $1,591.04 |
| **Sum** | | | $5,500,000.00 | $93,418,666.81 | $8,893,644.04 | $107,812,310.85 | $146,287.37 |
| **Credit**[3] | | | N/A | $21,609,983.79 | $2,703,561.71 | $24,313,545.50 | N/A |
| **Total**[4] | | | $5,500,000.00 | $71,808,683.02 | $6,190,082.33 | **$83,498,765.35** | $146,287.37 |

---

[3] The amounts in this row are equal to the amounts awarded to Polonius Holdings, LLC in the January 2024 Judgment for the following notes: (i) 13.625% RegS Notes Due 8/15/2018 (ISIN USP9395PAA95), (ii) 13.625% Notes Due 08/15/2018 (ISIN US922646AT10), and (iii) 7.00% Notes Due 12/1/2018 (ISIN USP97475AD26).

[4] The "Total" amounts are equal to the "Sum" amounts minus the "Credit" amounts in each column.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT:**

Each Plaintiff and any of its successors or assigns; and anyone acting on its behalf, including its officers, agents, servants, employees, trustees, beneficial owners, and attorneys; and all persons and organizations acting in concert with it, shall be bound by the terms of the parties' Stipulation dated February 17, 2026; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT:**

This Court shall retain non-exclusive jurisdiction over matters related to the enforcement of this judgment.

Dated: New York, New York
   February 19 , 2026

SO ORDERED:

**HON. ANALISA TORRES**
**United States District Judge**